# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10060
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DERRICK LAPAUL STEPHENS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-97-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick LaPaul Stephens appeals the 240-month, within-Guidelines sentence imposed following his guilty plea for distributing methamphetamine. Stephens claims his sentence is procedurally unreasonable because the district court failed to explain adequately the sentence, and failed to consider the 18 U.S.C. § 3553(a) factors in not recommending his placement in the Federal Residential Drug Abuse Treatment Program (RDAP). And, he further claims

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10060

his sentence is substantively unreasonable because the district court failed to balance fairly the § 3553(a) factors.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Stephens did not raise these issues in district court, review is only for plain error. *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Under that standard, Stephens must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The record reflects the district court considered the evidence presented, including Stephens' history of drug abuse and his need for treatment by requiring his participation in a drug treatment program as a condition of his supervised release. It then provided a legally sufficient explanation of the sentence by both noting the sentence adequately addressed all of the § 3553(a) factors and stating it had considered the Guidelines in addition to the § 3553(a) factors. *E.g., Rita v. United States*, 551 U.S. 338, 358–59 (2007). Because the Bureau of Prisons has the sole discretion to determine prisoner eligibility and to make arrangements for each prisoner's participation in the appropriate substance-abuse program, the court did not err in not recommending for Stephens' enrollment in the RDAP. 18 U.S.C. § 3621(b), (e). Stephens has not demonstrated the district court committed plain error in either explaining the sentence imposed or not recommending him for placement in RDAP. *See, e.g., United States v. Rodriguez*, 523 F.3d 519, 525–26 (5th Cir. 2008). Accordingly,

2

Stephens has not demonstrated his sentence is procedurally unreasonable. *E.g., id.* at 525; *see also Gall*, 552 U.S. at 51.

Regarding Stephens' substantive-unreasonableness claim, the record shows the court considered the relevant § 3553(a) factors, as well as Stephens' claims for mitigating his sentence. By concluding a within-Guidelines sentence was appropriate, the court implicitly overruled Stephens' claims. *E.g., Rodriguez*, 523 F.3d at 526. It goes without saying that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (citing *Gall*, 552 U.S. at 49–51).

Stephens' general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Stephens has not demonstrated the district court committed plain error by sentencing him to a within-Guidelines, 240-month prison term and, thus, has not shown his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392.

AFFIRMED.